Mark D. Brutzkus - Bar No. 128102
Todd M. Lander - Bar No. 173031
Angie S. Lee - Bar No. 254018
EZRA BRUTZKUS GUBNER LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: 818.827.9000
Facsimile: 818.827.9099

Attorneys for Plaintiff
RVCA Platform, LLC



FILED
CLERK, U.S. DISTRICT COURT
DEC 10 2008

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RVCA PLATFORM, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>NAUTICA APPAREL, INC, a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants | Case No. 08-cv-01436 (CAS)(PJWX)<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

## GOOD CAUSE STATEMENT

A.   Plaintiff RVCA Platform, LLC ("RVCA") and Defendant Nautica Apparel, Inc. ("Nautica") have created and maintained various documents and information that constitute proprietary, trade secret, and other protected confidential information subject to protection under, among others, the Uniform Trade Secrets Act ("UTSA"), which (1) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." [*California Civil Code* § 3426.1, subd. (d); *Reeves v. Hanlon*, 33 Cal. 4th

1140, 1155 (2004)];

B. The Parties have requested from each other, and may hereafter continue to request the discovery of information and documents that parties claim or will claim to contain and embody trade secrets or other confidential and proprietary information, including, among other things, financial information, sales records, and information concerning the launching and marketing of products (collectively referred to as "Confidential Material"), with such Confidential Material being trade secrets within the meaning of *California Civil Code,* § 3426.1, subd. (d) and *Whyte v. Schlage Lock Company* (2002) 101 Cal. App. 4th 1443, 1455-1456;

C. The Parties will object to producing or disclosing Confidential Material in discovery absent execution by the parties and approval and entry by the Court of an appropriate protective order to ensure against the unauthorized use or disclosure of Confidential material, and the other party may hereafter make similar objections;

D. The Parties agree that any disclosure of confidential material and/or trade secrets will or may cause damage to the party producing the Confidential Material, by revealing information to third parties—and potentially to the public at large—of trade secret information that creates economic value to the party because of its secrecy;

E. In order to facilitate the fair and efficient completion of pre-trial discovery while at the same time protecting the respective parties' rights in their Confidential Material and minimizing the need for judicial intervention in the discovery process, RVCA, on the one hand, and Nautica, on the other hand, by and through their respective counsel of record, hereby stipulate and agree to the entry of this Stipulation and Protective Order ("Order"). This Order shall govern the use, dissemination and disclosure of certain documents and materials described

herein which are obtained by the parties through discovery in this action. Upon agreement of the parties, it is hereby STIPULATED that:

## **STIPULATION**

1. This Order shall apply to (a) all information produced by or to any a party or nonparty pursuant to subpoena, interrogatories, depositions, requests for production of documents, requests for admissions and/or any other discovery requests (whether formal or informal), and (b) all information provided or referred to in any correspondence, pleading, or other paper by or to any party or nonparty.

2. Any party or nonparty producing or disclosing information in this action may designate such information as "Confidential" or "Attorneys' Eyes Only" by designating them in the manner set forth in Paragraph 6 below. Nothing herein shall be construed as waiving or limiting the right of a party or non-party to object to disclosing information pursuant to the Rules of Civil Procedure and applicable law.

3. Information designated as "Confidential" shall be information that a party or nonparty reasonably and in good faith believes to constitute or include proprietary business or financial information, which information is not known or freely accessible to the general public. Once designated as "Confidential", such designated information shall be used by the parties solely in connection with the above-captioned action, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

4. Information designated as "Attorneys' Eyes Only" shall be any information that a party or nonparty reasonably and in good faith believes to constitute or include trade secrets or other highly sensitive research, development,

production, commercial or business information (including but not limited to corporate planning, strategic planning, market or customer research or analyses, competitive strategy, pricing, research and development, product design, organization and staffing, financial statements and other financial or budgetary information) and any other information that might reasonably be of value to an opposing party, or might reasonably pose a commercial disadvantage to the producing party or producing nonparty. Once designated as "Attorneys' Eyes Only", such designated information shall be used by the parties solely in connection with the above-captioned action, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

5. No information shall be designated as "Confidential" or "Attorneys' Eyes Only", or shall be subject to this Order or any other obligation restricting subsequent use or dissemination of information if: (a) such information was freely accessible to the general public at the time of disclosure; (b) such information become publicly available from a source other than the receiving party; (c) the receiving party can show by written documentation that information was in its rightful and lawful possession at the time of disclosure; or (d) the receiving party lawfully receives such information at a later date from a nonparty without restriction as to disclosure, provided such nonparty had the right to make the disclosure to the receiving party.

6. A party or nonparty may designate materials as "Confidential" or "Attorneys' Eyes Only" in the following manner:

   a. <u>Documents or Things</u>: "Confidential" or "Attorneys' Eyes Only" treatment may be obtained by affixing the legend "Confidential" or "Attorneys' Eyes Only" on the particular document or thing at the time of production or disclosure, or as soon thereafter as the producing or disclosing party or nonparty

seeking protection becomes aware that such document or thing should be protected hereunder;

    b. <u>Interrogatories and Requests for Admissions</u>: In answering any Interrogatory or Request for Admission, or part thereof, a party may designate its response as "Confidential" or "Attorneys' Eyes Only" by affixing the legend "Confidential" or "Attorneys' Eyes Only". Such "Confidential" or "Attorneys' Eyes Only" responses shall be made on separate pages from any other response or portions thereof that are not designated as "Confidential" or "Attorneys' Eyes Only"; and

    c. <u>Testimony</u>: Any party or nonparty hereafter giving testimony in this action, including but not limited to deposition testimony, may designate such testimony as "Confidential" or "Attorneys' Eyes Only". If, during the course of testimony, any party or nonparty reasonably believes that the answer to a question will result in the disclosure of "Confidential" or "Attorneys' Eyes Only" information, all persons other than those persons entitled to receive such information pursuant to Paragraphs 7 and 8 hereof shall be excluded from the room in which the testimony is given. All deposition transcripts shall be treated as "Attorneys' Eyes Only" for a period of fourteen (14) calendar days after receipt of the transcript. If, after reviewing a deposition transcript, a party or nonparty believes that information disclosed therein should be designated as "Confidential" or "Attorneys' Eyes Only", that a party or nonparty shall notify all of the parties and the court reporter in writing within fourteen (14) calendar days of receipt of the transcript of the specific pages and lines of the transcript which should be treated as "Confidential" or "Attorneys' Eyes Only". Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control. To the extent possible, the court reporter shall segregate into separate transcripts information designated as

"Confidential" or "Attorneys' Eyes Only", with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing "Confidential" or "Attorneys' Eyes Only" shall have page numbers that correspond to the blank pages in the main transcript.

7. Except by further Agreement, information or material designated as "Confidential", or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

   a. the parties' outside counsel of record in this action and in-house counsel and regular and temporary employees of such counsel who assist such counsel in the above-captioned action;

   b. the parties and employees of the parties, to the extent deemed necessary by the parties' outside counsel of record;

   c. independent outside consultants or experts retained by the parties' counsel of record to assist in this action, to the extent deemed necessary by the parties' outside counsel of record; and

   d. such other persons as may be consented to by the producing or disclosing party or nonparty that designated such information or material as "Confidential".

8. Except by further agreement, information or material designated as "Attorneys' Eyes Only," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

   a. the parties' outside counsel of record in this action and regular and temporary employees of such counsel who assist such counsel in the above-captioned action;

      b.      independent outside consultants or experts retained by the parties' counsel of record to assist in this action, to the extent deemed necessary by the parties' outside counsel of record; and

      c.      such other persons as may be consented to by the producing or disclosing party or nonparty that designated such information or material as "Attorneys' Eyes Only".

9.    All persons described by subparagraphs 7(b), 7(c) and 7(d) above may be given access to information or material designated as "Confidential", provided that they first confirm their understanding and agreement to abide by the terms of this Stipulation and Protective Order by completing and signing a copy of an undertaking in the form attached hereto as Appendix A. Similarly, the persons described by subparagraphs 8(b) and 8(c) above may be given access to information or material designated as "Attorneys' Eyes Only", provided that they first confirm their understanding and agreement to abide by the terms of this Stipulation and Protective Order by completing and signing a copy of an undertaking in the form attached hereto as Appendix A. Prior to the disclosure of information or material designated as "Confidential" or "Attorneys' Eyes Only" to the person that signed said undertaking, a copy of the signed undertaking must be forwarded to counsel for the designating party or counsel for the designating nonparty. Counsel for the designating party or counsel for the designating nonparty shall have two (2) business days after receiving said undertaking to provide a written objection to the disclosure of such "Confidential" or "Attorneys' Eyes Only" information or material. Information or material designated as "Confidential" or "Attorneys' Eyes Only" shall not be disclosed to the person that signed the undertaking unless two (2) business days have lapsed since receipt of the undertaking by counsel for the designating party or counsel for a designating nonparty, or counsel for a designating party or counsel for a designating nonparty

1  issues a written objection. Upon receipt of such written objection, counsel shall
2  negotiate in good faith to resolve the dispute as to the disclosure. If counsel are
3  unable to resolve the dispute, the party requesting disclosure may move for an
4  appropriate Order.

5      10. If any party reasonably believes that information or materials
6  designated as "Attorneys' Eyes Only" must be disclosed to persons other than
7  those described by subparagraphs 8(b) and 8(c), the parties shall meet and confer
8  to discuss whether such information can be disclosed and whether such
9  information can be redacted or otherwise filtered such that the designating party or
10 nonparty would acquiesce to such production.

11     11. The parties' outside counsel of record shall maintain complete lists
12 identifying all persons to whom any information or materials designated as
13 "Confidential" or "Attorneys' Eyes Only" is disclosed and the information or
14 materials so disclosed, and also shall maintain the written agreements required by
15 Paragraph 9. Such lists and agreements shall be available for inspection by
16 counsel of record for the parties' for any party or nonparty upon request.

17     12. The failure of any party to object to the designation of information as
18 "Confidential" or "Attorneys' Eyes Only" shall not be deemed an admission that
19 such information qualifies for such designation. In the event any party disagrees
20 with the designation of any information as "Confidential" or "Attorneys' Eyes
21 Only", the objecting party must serve a written objection upon the designating
22 party and the parties shall meet and confer within five (5) business days of receipt
23 of said written objection to discuss the validity of that designation. If it is
24 necessary to present the dispute to the Court for resolution, the obligation is upon
25 the objecting party to move for an appropriate Order compelling the designating
26 party to produce the information without the "Confidential" or "Attorneys' Eyes
27 Only" designation. Unless and until this Court enters an Order compelling the
28

1  designating party to produce the information without the "Confidential" or
2  "Attorneys' Eyes Only" designation, such information shall be afforded the
3  protections described herein.
4      13.   Agreeing to produce or receive, and/or producing or receiving,
5  information or material designated as "Confidential" or "Attorneys' Eyes Only," or
6  otherwise complying with the terms of this Agreement shall not:
7      a.   operate as an admission by any party that any particular
8  information or material designated as "Confidential" or "Attorneys' Eyes Only"
9  contains or reflects proprietary or commercially sensitive information, highly
10 sensitive research, development, production, commercial or business information,
11 or other such information lawfully entitled to confidential treatment;
12     b.   operate as an admission by any party that the restrictions and
13 procedures set forth herein constitute, or do not constitute, adequate protection for
14 any particular information deemed by any party or nonparty to be "Confidential"
15 or "Attorneys' Eyes Only";
16     c.   prevent the parties to this Stipulation and Protective Order from
17 agreeing in writing, after consultation, to alter or waive the provisions or
18 protections provided for herein with respect to any particular information or
19 material;
20     d.   limit a party's ability to grant any nonparty access to that a
21 party's *own* documents and/or information; or
22     e.   limit a party's ability to use or disclose the party's *own*
23 information designated as "Confidential" or "Attorneys' Eyes Only".
24     14.   In the event that information in the possession or control of a party
25 involves the confidentiality rights of another party, or of a nonparty, or its
26 disclosure would violate a protective order issued in another action, the party with
27 possession or control of the information will attempt to obtain the consent of the
28

other party, or of the non-party, to disclose the information under this Stipulation and Protective Order. If the consent of the other party or of the nonparty cannot be obtained, the party possessing or controlling the information will notify in writing the party seeking the discovery: (a) the existence of the information without producing such information; (b) the identity of the affected party (provided, however, that such disclosure of identity does not itself violate any confidentiality obligations); and (c) the specific terms of the protection against disclosure being asserted. If the parties and nonparties cannot thereafter reach an agreement for production of the requested materials, the party seeking the discovery may move for an appropriate Order.

15. If a party inadvertently produces "Confidential" or "Attorneys' Eyes Only" information without designating it as such, it may be disclosed to others until the receiving party becomes aware of the error, unless it appears from the face of the document that it contains non-public, confidential, proprietary, commercially sensitive, or trade secret information of the producing party. As soon as the receiving party becomes aware of the inadvertent production, the information must be treated as if it had been timely designated under this Stipulation and Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information by paragraphs 7 or 8 above, as well as any copies made by such persons.

16. Hereafter, if a party inadvertently produces a document that the party later discovers or in good faith asserts to be a privileged document, the production of that document shall not be deemed to constitute the waiver of any applicable privileges. In such circumstances, the producing party must immediately notify in writing the receiving party of the inadvertent production, and request the return of the privileged materials or confirm destruction of the privileged materials. Within

1  five (5) business days of receiving such notification, the receiving party shall
2  return or confirm in writing the destruction of all such materials, including any
3  summaries thereof. Such return or confirmation of destruction shall not preclude
4  the receiving party from seeking to compel production of the materials for reasons
5  other than its inadvertent production and shall not constitute an admission by the
6  receiving party that the materials were, in fact, privileged in any way.

7       17.    In the event that any information or material designated as
8  "Confidential" or "Attorneys' Eyes Only" hereunder is used in any court
9  proceeding in this action or any appeal therefrom, such information or material
10 shall not, merely by reason of such use, lose its status as "Confidential" or
11 "Attorneys' Eyes Only." Counsel for the parties shall meet and confer on such
12 procedures as are necessary to protect the confidentiality of any documents,
13 information, transcripts, and other materials used or intended to be used in any
14 court proceeding in this action or any appeal therefrom. To the extent that any
15 information or material designated as "Confidential" or "Attorneys' Eyes Only" is
16 intended to be submitted to the Court, the party submitting such "Confidential" or
17 "Attorneys' Eyes Only" shall comply with the requirements of Local Rule 79-5 *et*
18 *seq.*

19      18.    If any party is: (a) subpoenaed in another action, (b) served with a
20 demand in another action to which it is a party, or (c) served with any other legal
21 process by one not a party to this action, seeking information or material which
22 was produced or designated as "Confidential" or "Attorneys' Eyes Only" by
23 someone other than that a party, that a party shall give prompt actual written
24 notice, by hand or facsimile transmission, within ten (10) calendar days of receipt
25 of such subpoena, demand or legal process, to "outside counsel," as that term is
26 used in subparagraphs 7(a) and 8(a) above, for those parties who produced or
27 designated the information or material as "Confidential" or "Attorneys' Eyes
28

-11-
Stipulation And [Proposed] Protective Order

1 | Only" and shall object to its production to the extent permitted by law. Should the
2 | person seeking access to the information or material designated "Confidential" or
3 | "Attorneys' Eyes Only" take action to enforce such a subpoena, demand or other
4 | legal process, the party shall respond by setting forth the existence of this
5 | Stipulation and Protective Order. Nothing herein shall be construed as requiring
6 | the party or anyone else covered by this Stipulation and Protective Order to
7 | challenge or appeal any order requiring production of information or material
8 | covered by this Stipulation and Protective Order, or to subject itself to any
9 | penalties for noncompliance with any legal process or order, or to seek any relief
10 | from a court of law.

11 |     19.    The provisions of this Stipulation and Protective Order shall, absent
12 | written permission of the producing party, continue to be binding throughout and
13 | after the conclusion of the above-captioned action and any appeal thereto, unless
14 | and until modified in writing by subsequent agreement of all the parties hereto.
15 | Within thirty (30) days after the time for appeal has expired and only if no appeal
16 | has been filed, all persons having received information or material designated as
17 | "Confidential" or "Attorneys' Eyes Only" hereunder shall return such material and
18 | all copies thereof (including summaries and excerpts) to counsel for the producing
19 | party, or shall certify destruction of that material. Counsel described in paragraphs
20 | 7(a) and 8(a) above shall be entitled to retain attorney work-product (including
21 | attorney work-product that contain information or material designated as
22 | "Confidential" or "Attorneys' Eyes Only"), provided that such counsel, and
23 | employees of such counsel, shall not disclose any such information and material
24 | designated as "Confidential" or "Attorneys' Eyes Only" contained in attorney
25 | work-product to any person or entity except pursuant to court order or a written
26 | agreement with the producing party of the information or material.

27 |     20.    Notwithstanding the foregoing, any information or material
28 |

designated as "Confidential" or "Attorneys' Eyes Only", or copies or extracts therefrom and compilations and summaries thereof, shall not be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to the following persons:

    a.    any competitor of the above-captioned defendants in this action; or

    b.    any of the previously mentioned entities' assigns, trustees, administrators, subrogees, agents, past, present and future parents, subsidiaries, affiliates, divisions, predecessors, successors-in-interest, nominees, licensees, franchisees, and each of their officers, directors, employees, stockholders, attorneys, servants, representatives, partners, principals, agents, and all those persons and entities acting in concert or participation with them.

21. The parties hereto agree that the Central District of California shall retain jurisdiction over and be the proper forum for any litigation arising from or out of this Stipulation and Protective Order during the pendency of the above-captioned action, and after final disposition of said action and to make any such amendments, modifications, deletions, and additions to this Stipulation and Protective Order as the Court may from time to time deem appropriate or as may be requested by the parties.

22. The parties agree that this Stipulation and Protective Order shall be effective from the date on which it is executed by counsel for the parties.

AGREED TO AND CONSENTED BY,

EZRA BRUTZKUS GUBNER LLP
Attorneys for Plaintiff
RVCA Platform, LLC

Mark D. Brutzkus, Bar No. 128102
Todd M. Lander, Bar No. 173031
Michael W. Hicks, Bar No. 182783
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367

YANNY & SMITH
Attorneys for Defendant
Nautica Apparel, Inc.

Joseph A. Yanny, Bar No. 097979
Kim D. Ashley, Bar No. 253160
1801 Century Park East, 23rd Floor
Los Angeles, California 90067

|   |   |
|---|---|
| 1 | **BAKER AND RANNELLS, PA** |
| 2 | Stephen L. Baker* |
|   | Neil B. Friedman* |
| 3 | 575 Route 28, Suite 102 |
|   | Raritan, New Jersey 08869 |
| 4 | *Admitted *Pro Hac Vice* |
| 5 | Dated: September 29 2008 |

Dated: _____, 2008

Dated: 12/10/08

SO ORDERED.

*[signature]*

~~Christina A. Snyder,~~   PATRICK J. WALSH
United States ~~District~~ Judge
Magistrate

-14-
Stipulation And [Proposed] Protective Order

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RVCA PLATFORM, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>NAUTICA APPAREL, INC, a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants | Civil Action No.<br>08-cv-01436(CAS)(PJWX)<br><br><br>NON-DISCLOSURE AGREEMENT |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such <u>Confidential Discovery Material</u> to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court, Central District of California for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____         _____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RVCA PLATFORM, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>NAUTICA APPAREL, INC, a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Civil Action No.<br>08-cv-01436(CAS)(PJWX)<br><br>NON-DISCLOSURE AGREEMENT |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as <u>Attorneys' Eyes Only</u>. I agree that I will not disclose such <u>Attorneys' Eyes Only</u> Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court, Central District of California for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____        _____

# Stipulation

2:08-cv-01436-CAS-PJW RVCA Platform, LLC v. Nautica Apparel, Inc. et al (PJWx), DISCOVERY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

### Notice of Electronic Filing

The following transaction was entered by Brutzkus, Mark on 12/8/2008 at 12:12 PM PST and filed on 12/8/2008

**Case Name:** RVCA Platform, LLC v. Nautica Apparel, Inc. et al
**Case Number:** 2:08-cv-1436
**Filer:** RVCA Platform, LLC
**Document Number:** 26

**Docket Text:**
**STIPULATION for Protective Order filed by Plaintiff RVCA Platform, LLC.(Brutzkus, Mark)**

**2:08-cv-1436 Notice has been electronically mailed to:**

Joseph A Yanny     Jyanny@yannylaw.com

Kim Dorothy Ashley     kashley@yannylaw.com

Mark D Brutzkus     mbrutzkus@ebg-law.com

Michael W Hicks     mhicks@ebg-law.com

Neil B Friedman     n.friedman@br-tmlaw.com

Stephen L Baker     s.baker@br-tmlaw.com

Todd Michael Lander     tlander@ebg-law.com, lcrawford@ebg-law.com, srobbins@ebg-law.com

**2:08-cv-1436 Notice has been delivered by First Class U. S. Mail or by fax to: :**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\Documents and Settings\jhenry\Desktop\CV08-1436 CAS (PJWx) Stipulation and Proposed Protective Order.pdf
**Electronic document Stamp:**

[STAMP cacdStamp_ID=1020290914 [Date=12/8/2008] [FileNumber=6935054-0]
[8578f5b299a103d43086cd510e944c362869a9862ff0366978e92274a81e0846e7bd
6012362a92c62d36ba0db55f6170a1e79f15c25b7ec0151bcfb460470dd8]]